# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

CONNIE RAYBOURN,        )
                                 )
        Petitioner,      )
                                 )
vs.                           )      Case No. 4:10CV00063 AGF
                                 )
CYNDI PRUDDEN,        )
                                 )
                                 )
        Respondent.    )

## MEMORANDUM AND ORDER

This matter is before the Court on the pro se petition of Missouri state prisoner Connie Raybourn for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner pled guilty in the Circuit Court for St. Louis County to charges of murder in the second degree and armed criminal action. The case involved the death, on January 24, 2005, of Petitioner's estranged husband. Petitioner received a sentence of 18 years on each offense, to run concurrently.

For federal habeas relief, Petitioner asserts that her constitutional rights were violated in the following ways:

     1) plea counsel was ineffective in failing to obtain a mental health evaluation of Petitioner, and her guilty plea was not intelligent and knowing because she suffered from a mental disease or defect, rendering her mentally impaired and unable to assist in her own defense;

     2) her conviction was obtained in violation of the Fifth Amendment privilege against self-incrimination because of statements made during her police interrogation;

3)  her plea counsel was ineffective in failing to move for a change of venue on the grounds of conflict and prejudicial media coverage;

4)  her conviction was obtained pursuant to an unlawful arrest and evidence was gained pursuant to an unconstitutional search and seizure; and

5)  her post-conviction counsel was ineffective for failing to raise, in the amended motion for post-conviction relief, all of the issues she wished to raise.[1]

For the reasons set forth below, the petition for federal habeas relief will be denied.

## BACKGROUND

### Charges and Plea

On October 5, 2005, Petitioner was charged by grand jury indictment with one count of murder in the first degree.  Pursuant to plea negotiations, Petitioner was subsequently charged on July 30, 2007, by an information in lieu of indictment that charged that she shot and killed her estranged husband on January 14, 2005.  On July 30, 2007, Petitioner pled guilty in St. Louis County Circuit Court to Count I of the information, a charge of murder in the second degree, and Count II, a charge of armed criminal action.  The Missouri Court of Appeals summarized the proceedings at the trial court level as follows:

[Petitioner] was charged by grand jury indictment on October 5, 2005, with one count of murder in the first degree in violation of section 565.020 RSMo 2000 and one count of armed criminal action in violation of section 571.015 RSMo 2000.  On October 14, 2005, [Petitioner's] counsel filed a motion to suppress [Petitioner's] videotaped statements to the police. The motion to suppress was heard by the trial court on July 2, 2007, and on

---

[1]  In her Petition, Petitioner raised only four grounds, but stated, in the section identifying her post-conviction counsel, that she believed post-conviction counsel was ineffective. Petitioner asserted this fifth ground only in her Traverse.

July 11, 2007, the trial court denied this motion, except as to any part of the statement made after 7:58 p.m. on January 14, 2005, the date of the murder of her estranged husband. The trial court found that prior to questioning, [Petitioner] was informed of her <u>Miranda</u> rights and knowingly and intelligently waived those rights, and voluntarily agreed to speak to the police. It found that at numerous times during questioning, she asked to see or speak to her parents, and to stop the interview in order to speak to her parents or until she spoke with her parents. The trial court noted that in "nearly every statement" where [Petitioner] stated she no longer wanted to talk, she informed the police that she would continue to talk to them after she spoke to her parents or been allowed to see them. It found that this was not "an unequivocal decision to invoke her right to remain silent." The trial court observed that when the police told [Petitioner] that her parents had not yet arrived or that they were being interviewed, or that she would not be allowed to see them at that time, she continued to respond to questions. The trial court also noted that there were several instances in which [Petitioner] stated that she was too tired to speak and would not speak any more, without mentioning a desire to speak to her parents. However, she would then initiate conversation by asking the police detectives questions, which led to them asking her questions to which she responded. The trial court examined several of those instances, and found that under these circumstances a reasonable police officer would not understand [Petitioner's] statement to be an assertion of her right to remain silent. It was not until 7:58 p.m. that [Petitioner] stated that she was not saying anything more that night, and that she would put it in writing when she had a lawyer and that she wanted to talk to a lawyer. The trial court denied the motion to suppress regarding [Petitioner's] statements prior to 7:58 p.m., and granted the motion to suppress any statements made after that time.

[Petitioner's] trial date was set for July 30, 2007. On that date, [Petitioner] pleaded guilty to an information in lieu of indictment that reduced the first count from murder in the first degree to murder in the second degree, and also charged her with armed criminal action. As part of this plea agreement, the State agreed to recommend sentences of eighteen years' imprisonment on each count, with the sentences to run concurrently. During the course of the guilty plea, the trial court questioned [Petitioner] to determine if her guilty plea was made knowingly, intelligently, and voluntarily. As part of this questioning, the following exchange took place.

Court: Has anyone made any promises or threats to you or your family to convince you to enter this plea of guilty?

[Petitioner]: No.

3

Court:  Has your attorney done everything you've asked him to do?

[Petitioner]:  Oh, yes.

Court:  Has he answered all of your questions?

[Petitioner]:  Yes.

Court:  Have you been given enough time to discuss this case with your attorney?

[Petitioner]:  Yes.

Court:   Do you have any complaints or criticisms of him?

[Petitioner]:   No, none whatsoever.

Court:  Do you know of anything he could have done that he didn't do?

[Petitioner]:  No.

Court:  Do you know of any witnesses he could have contacted that he didn't contact?

[Petitioner]:  There were some that couldn't be contacted, but that wasn't his fault.

Court:  And so you are going ahead willingly and entering your plea of guilty.  Is that correct?

[Petitioner]:  Yes.

Court:  Has he investigated, your attorney, has he investigated this case to your complete satisfaction?

[Petitioner]:  Oh, yes.

Court:  Do you believe you've been fully advised by your attorney as to all aspects of your case, including your legal rights and the possible consequences of your plea?

[Petitioner]:  Yes.

Court:  Do you believe your attorney has adequately, completely, and effectively represented you in your defense to these charges?

[Petitioner]:  Yes.

Court:  Do you understand that you're entitled to a trial by jury instead of pleading guilty and in such trial do you understand that you're entitled to [a] jury of twelve persons?

[Petitioner]:  Yes.

. . .

Court:  [Do you understand] [t]hat you would have the right to appeal a guilty verdict?

[Petitioner]:  Yes.

Court:  Do you understand that by pleading guilty you are waiving, that is, giving up all of those rights and there will not be a trial?

[Petitioner]:  Giving up rights to appeal?

Court:  Giving up all of those rights, the rights I just went over.

[Petitioner] Counsel:  I think that the hesitation that [Petitioner] has, I have explained to her there are two methods of appeal.  If the trial were to proceed, she could appeal based on mistakes the court had made during the course of the trial.  I have also explained to her, as I do all my clients if there's a plea of guilty, there is also a procedure by which an appeal can be lodged pursuant to [Rule] 24.035, within 180 days of arrival.  I did tell her, as I do all of my clients, about those avenues.  That's why I believe she hesitated.

[Petitioner]:  That is.

Court:  But you understand that you're giving up all the rights we've gone over attended to a trial by jury?

[Petitioner]:  Yes.

Court: In entering this plea of guilty you are waiving all of those rights?

[Petitioner]: Yes.

Court: You understand that there will not be a trial?

[Petitioner]: Yes.

Court: Is that what you want to do?

[Petitioner]: Yes.

Court: Have you understood all the questions that I've asked you?

[Petitioner]: Yes, I do.

Court: Has anyone told you not to tell the truth?

[Petitioner]: No.

The plea court found that [Petitioner's] pleas of guilty were made knowingly, intelligently, and voluntarily. At the sentencing hearing the plea court again asked [Petitioner] if she was satisfied with the performance of her plea counsel, to which she again replied that she was. The plea court sentenced [Petitioner] to concurrent terms of eighteen years' imprisonment on each count.

Resp. Ex. E.

In addition to the matters noted above in the Missouri Court of Appeals' summary, the following exchange also took place at the plea hearing:

Court: Are you under the influence of any drugs or alcohol?

[Petitioner]: No.

Court: Are you taking any prescription medication?

[Petitioner]: Yes.

Court: What are you taking?

> [Petitioner]:  Blood pressure and antidepressant.
>
> Court:  Do those medications affect your ability to understand what's happening here today?
>
> [Petitioner]:  I don't believe so.
>
> Court:  Are you suffering from any illness or injury that does affect your ability to understand what's happening here today?
>
> [Petitioner]:  Not that I know of.

Resp. Ex. A at 16-17.

**Sentencing Hearing**

At the sentencing hearing the judge again asked Petitioner if she was satisfied with the performance of her plea counsel.  She replied that she was.  The plea court sentenced Petitioner to concurrent terms of eighteen years' imprisonment on each of the two counts in the information.  *Id*. at 19-22.

**Motion for Post-Conviction Relief under Rule 24.035**

Following her guilty plea, Petitioner filed a timely motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035 in the St. Louis County Circuit Court.  Petitioner first filed a pro se motion alleging Grounds One through Four as set forth above.  *Id.* at 30-47.  However, Ground One was not included in Petitioner's amended motion for post-conviction relief prepared with the assistance of post-conviction counsel.  *Id.* at 48-74.

The St. Louis County Circuit Court denied Petitioner's request for post-conviction relief without a hearing.  The motion court found no facts to support

Petitioner's claim that the case attracted publicity, was high profile, or that the community was aware of the case, and noted that the mere existence of pretrial publicity did not mandate a change of venue. In addition, the court found that Petitioner failed to demonstrate prejudice arising from the failure to move for a change of venue. The motion court further concluded that Petitioner had adequate legal representation, and rejected Petitioner's claim regarding the failure of the trial court to suppress the videotaped statement as a non-cognizable claim on post-conviction relief. Therefore, the court concluded that Petitioner had failed to establish any legal basis to vacate, set aside, or correct the sentence and denied the Rule 24.035 motion. *Id*. at 85-91.

## **Appeal from Denial of Post-Conviction Motion**

Petitioner appealed the Circuit Court's denial of her Rule 24.035 motion to the Missouri Court of Appeals. On appeal, Petitioner argued that because she had worked in the court system, and her case was well publicized, plea counsel was ineffective for failing to move for a change of venue, and that she felt coerced to plead guilty. In addition, she asserted that she was denied her right to a fair trial because the plea court's erroneous refusal to suppress the videotaped statement of her interrogation effectively coerced her to plead guilty. Resp. Ex. C at 12, 21.

The Missouri Court of Appeals affirmed the Circuit Court's denial of Petitioner's post-conviction motion, and pursuant to Rule 84.16(b), issued a memorandum supplementing its order of affirmance. Resp. Ex. E at 3-12. With respect to Petitioner's first point, the Missouri Court of Appeals held that Petitioner had not shown prejudice

from the failure to request a change of venue.  Recognizing that there had been media coverage of the alleged crime, the appellate court nonetheless found no "wave of public passion" or "pattern of deep and bitter prejudice."  *Id.* at 12.  Further, the appellate court noted that when questioned by the trial judge, Petitioner had repeatedly expressed satisfaction with her counsel.  *Id.* at 11.

The Missouri Court of Appeals also found Petitioner's argument regarding suppression of the videotaped statements unpersuasive, holding that the claim was not cognizable under Rule 24.035.  Noting that a post-conviction motion is not the same as, or a substitute for, a direct appeal after trial, the Missouri Court of Appeals held that because Petitioner plead guilty rather than proceed to trial, she could not raise this issue in her post-conviction proceeding.  *Id.* at 12-13.

## DISCUSSION

### Procedural Default

Under the doctrine of procedural default, "a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule."  *Martinez v. Ryan*, 132 S. Ct. 1309, 1316 (2012).  But "[o]nly a firmly established and regularly followed state practice may be interposed by a State to prevent subsequent review by [a federal habeas court] of a federal constitutional claim."  *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991) (internal quotation omitted).  Thus, state procedural rules "not strictly or regularly followed" will not stand as a bar to federal habeas review.  *Id.* (citation and internal quotation omitted).

A habeas petitioner may obtain federal review of a defaulted claim by "showing cause for the default and prejudice from a violation of federal law." *Martinez*, 132 S. Ct. at 1318; *see also Skillicorn v. Luebbers*, 475 F.3d 965, 976-77 (8th Cir. 2007) (explaining that "[u]nless a habeas petitioner shows cause and prejudice or that he is actually innocent of the charges, a [federal habeas] court may not reach the merits of procedurally defaulted claims in which petitioner failed to follow applicable state procedural rules in raising the claims").

Here, Ground One was included in Petitioner's pro se post-conviction motion, but was omitted in the amended motion prepared by post-conviction counsel. *Compare* Resp. Ex. A at 30-47 *with id*. at 49-52. Respondent also contends that Ground Two is procedurally barred because Petitioner pled guilty, and therefore did not raise the issue at trial. In what she labels as Ground Five in her Traverse, Petitioner argues that post-conviction counsel was ineffective for failing to raise all the grounds she wished to raise, apparently in response to Respondent's contentions that Grounds One and Two are procedurally barred.

Ground One

As noted above, Petitioner's amended post-conviction motion did not raise the claim that her plea was not competent or knowing and voluntary. *Id*. at 48-75. Nor did the amended motion indicate a clear intention to incorporate the pro se motion. Further, Petitioner failed to raise this claim on appeal from the denial of her post-conviction motion. Resp. Ex. C.

Pursuant to Rule 24.035(g), an amended post-conviction motion does not "incorporate by reference material contained in any previously filed motion."[2]  Mo. Sup. Ct. R. 24.035(g).  "Allegations in a *pro se* motion that are not included in a subsequently filed amended motion are not for consideration."  *Self v. State*, 14 S.W.3d 223, 226 (Mo. Ct. App. 2000).  Therefore, Petitioner's first ground is procedurally barred because it was not included in the amended post-conviction motion and was not clearly incorporated in the amended motion.  S*ee Self*, 14 S.W.3d at 226.

Ground Two

"The general rule in Missouri is that a plea of guilty voluntarily and understandably made waives all non-jurisdictional defects and defenses."  *Hagan v. State*, 836 S.W.2d 459, 461 (Mo. banc 1992) (internal quotations omitted); *see also United States v. Taylor*, 519 F.3d 832, 836 (8th Cir. 2008) (noting that "[a] guilty plea waives all non-jurisdictional defenses," unless, with the consent of the court and the government, the plea is expressly conditioned on the right to appeal the denial of a specified pre-trial motion).  And, unlike the Federal Rules of Criminal Procedure, Missouri's Rule 24.02 does not allow for conditional pleas.  *Compare* Fed. R. Crim. P. 11(a) *with* Mo. Sup. Ct. R. 24.02.  In addition, under Missouri law, rulings on motions to suppress are deemed interlocutory only and therefore subject to alteration even at trial.  *Marchosky v. St. Luke's Episcopal-Presbyterian Hospitals,* 363 S.W.3d 121, 124 (Mo. Ct. App. 2012),

---

[2]     A similar Missouri Supreme Court rule, Rule 29.15, allowing motion for relief by individual after guilty sentence, rather than plea, provides that when an amended motion is filed "[t]he language of the rule does not limit consideration of issues only to those contained in counsel's amended motion where the intention to incorporate is clear."  Mo. Sup. Ct. R. 29.15; *see also State v. McCarter*, 820 S.W.2d 587, 589 (Mo. Ct. App. 1991).

*reh'g and/or transfer denied* (Mar. 1, 2012); *transfer denied* (May 1, 2012); *State. v. Christian*, 184 S.W.3d 597, 605 (Mo. Ct. App. 2006); *State v. Evenson*, 35 S.W.3d 486, 491 (Mo. Ct. App. 2000).

Therefore, by pleading guilty, Petitioner forfeited the possibility that the plea court would revise its ruling and waived her opportunity to further challenge that ruling. Although Petitioner had a right to go to trial, to receive a subsequent ruling and to directly appeal the denial of her motion to suppress her statements, Petitioner did not proceed to trial and did not receive a final ruling on the admissibility of her statements. As such, Petitioner elected not to raise her claim in compliance with the state procedural rules. *See Hagan,* 836 S.W.2d at 461. Moreover, Petitioner fails to show cause for that default or to demonstrate a fundamental miscarriage of justice. For this reason, the Court concludes that Petitioner's claim under Ground Two is procedurally barred.

Ground Five

Petitioner's claim of ineffective assistance of post-conviction counsel was not asserted to any Missouri court. Under the doctrine of procedural default, when a federal habeas petitioner "fails to raise his federal claims in compliance with relevant state procedural rules," such a failure "ordinarily qualifies as an independent and adequate state ground for denying federal review." *Cone v. Bell*, 129 S. Ct. 1769, 1780 (2009).

However, "counsel's ineffectiveness in an initial-review collateral proceeding qualifies as cause for a procedural default." *Martinez*, 132 S. Ct.at 1318. The Court presumes that Petitioner is asserting post-conviction counsel's ineffectiveness as cause

for the procedural default on Ground One.  She also criticizes counsel for omitting all the other arguments raised in her Rule 40 motion.

But while motion counsel's ineffectiveness can potentially satisfy the "cause" requirement, under the applicable law, Petitioner is not able to demonstrate prejudice with respect to the procedural bar of Ground Five.  "Generally, the mere failure to . . . preserve an issue on appeal is not a cognizable ground for relief for ineffective assistance of counsel on a post-conviction motion."  *McLaughlin v. State*, No. SC91255, 2012 WL 2861374, at *22 (Mo. banc Jul. 3, 2012); *see also Dickerson v. State*, 269 S.W.3d 889, 893 n. 3 (Mo. banc 2008).  It has long been held that "[t]o state a cognizable claim of ineffectiveness for failure to . . . preserve an issue on appeal, [a movant] must allege that the trial counsel's failure denied him a fair trial."  *Id.*; *see also Strong v. State*, 263 S.W.3d 636, 646 (Mo. banc 2008).  "'The preservation of an issue for appeal cannot affect the fairness of the trial; preservation only affects rights and standards on appeal.'"  Johnson *v. State*, 283 S.W.3d 279, 282 (Mo. Ct. App. 2009) (quoting *Glasgow v. State*, 218 S.W.3d 484, 489-90 (Mo. Ct. App. 2007)).  Although, as set forth below, the Court does not believe that post-conviction counsel provided ineffective assistance in a manner that excuses the procedural bar, the Court will, nonetheless, address the claims on the merits and finds each fails on the merits.

**Merits**

### Applicable Law:  Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996,

> [f]ederal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of this Court, § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 412 (2000); or that it "involved an unreasonable application of" such law, § 2254(d)(1); or that it "was based on an unreasonable determination of the facts" in light of the record before the state court, § 2254(d)(2).

*Harrington v. Richter*, 131 S. Ct. 770, 785 (2011).

"For purposes of § 2254(d)(1), 'an unreasonable application of federal law is different from an incorrect application of federal law.'" *Id.* (quoting *Williams*, 529 U.S. at 410). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fair-minded jurists could disagree' on the correctness of the state court's decision." *Id.* at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87; *see also Hardy v. Cross*, 132 S. Ct. 490, 491 (2011) (AEDPA "imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt.") (quoting another source). The summary nature of the decision of the Missouri Court of Appeals does not preclude application of the AEDPA standard. *Brown v. Luebbers*, 371 F.3d 458, 462 (8th Cir. 2004).

### Applicable Law:  Ineffective Assistance of Plea Counsel

"The right to the effective assistance of counsel at trial is a bedrock principle in our justice system." *Martinez*, 132 S. Ct. at 1317. The Sixth Amendment guarantees a

criminal defendant the right to effective assistance of trial counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To succeed on a claim of ineffective assistance of trial counsel, a habeas petitioner must establish both "that counsel's representation fell below an objective standard of reasonableness," and that but for counsel's deficiency there is "a reasonable probability" that the result of the trial would have been different. *Id*. at 688, 694. In determining whether the performance of counsel was deficient, the challenged conduct must be "viewed as of the time of counsel's conduct." *Id*. at 690.

To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must not only show that counsel's performance was deficient, but that he was prejudiced by his counsel's incompetence. *Strickland*, 466 U.S. at 694. To show prejudice, a habeas petitioner who pled guilty in state court must show that "there is a reasonable probability that, but for counsel's errors, [he] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (applying *Strickland* to the guilty plea context).

Error by counsel, even if professionally unreasonable, does not necessarily require that a judgment be set aside. A defendant must affirmatively show prejudice by showing that but for counsel's error, there is a reasonable probability that the result of the proceeding would have been different. *Parker v. Bowersox*, 188 F.3d 923, 931 (8th Cir.1999). Moreover, in the context of § 2254, a petitioner "'must do more than show that he would have satisfied *Strickland*'s test if his claims were being analyzed in the first instance, because under § 2254(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied *Strickland* incorrectly.

15

Rather he must show that the [state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner.'" *Underdahl v. Carlson*, 381 F.3d 740, 742 (8th Cir. 2004) (quoting *Bell v. Cone*, 535 U.S. 685, 698-99 (2002)).

**Merits:  Ground One**

Assuming, without deciding, that post-conviction counsel's failure to raise this ground constitutes "cause," the Court will address the merits of the claim.  With respect to the two pertinent factors – competence and voluntariness – the court is satisfied that the colloquy between Petitioner and the court at the time of her plea belies any assertion that Petitioner lacked competence to enter the plea or that her plea was not knowing and voluntary.  In light of her own statements, under oath, the Court is unable to find that counsel was ineffective for failing to raise this ground.

"Absent some contrary indication . . . trial judges are entitled to presume that defendants are competent." *Weisberg v. State of Minn.*, 29 F.3d 1271, 1276 (8th Cir. 1994).   The standard for competence, whether to stand trial or to plead guilty, is "whether the petitioner has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and has a rational as well as factual understanding of the proceedings against him." *Godinez v. Moran*, 509 U.S. 389, 396, 399 (1993) (internal quotations omitted).  To overcome the presumption of competency, a habeas petitioner must show that the plea court's determination "lacked even fair support in the record." *Weisberg*, 29 F.3d at 1278 (internal quotations omitted).

In addition, a guilty plea "must be [a] voluntary . . . knowing, [and ] intelligent act done with sufficient awareness of the relevant circumstances and likely consequences."

*Brady v. United States*, 397 U.S. 742, 748 (1970); *see also North Carolina v. Alford*, 400 U.S. 25, 31 (1970) (holding that a guilty plea that is not Avoluntary and knowing@ violates due process). To demonstrate that a plea was not knowing and voluntary, a habeas petitioner "must show that he did not make a voluntary and intelligent choice among the alternative courses of action." *Winslow v. Smith*, 696 F.3d 716, 736-37 (8th Cir. 2012) (internal quotations omitted).

A defendant's "solemn declarations" in open court "carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). "[T]he representations of the defendant . . . as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Id.* "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Id.*

The record here reflects that Petitioner informed the plea court that her medications did not affect her ability to understand what was happening, and that she did not suffer from any illness that affected her ability to understand what was happening. Counsel, too, was entitled to rely on these statements. She also repeatedly stated that she understood the proceedings, was satisfied with her plea counsel's services, and that he had investigated the case to her complete satisfaction. She also affirmed that she was not coerced into pleading guilty, and was voluntarily giving up certain rights that she would have had if she had proceeded to trial. Therefore, the Court concludes that Petitioner cannot prevail on the merits of Ground One as she has not demonstrated that counsel was ineffective, nor has she demonstrated that the state court's decision was contrary to or

involved an unreasonable application of federal law or "was based on an unreasonable determination of the facts" in light of the record before the state court.  *Harrington*, 131 S. Ct. at 785.

### Merits:  Ground Two

Petitioner's assertion that her guilty plea was obtained in violation of her privilege against self-incrimination also fails on the merits.  The record indicates that the motion to suppress was fully and fairly litigated in accordance with the requirements of Missouri law.  Apart from the fact that the state court did determine it would allow the interrogation evidence in question, Petitioner has not demonstrated that she was in any way coerced to plead guilty and her responses to the court's questioning at the time of her plea also refute her assertions.  Nor does she assert that counsel was in some manner ineffective with respect to the suppression issues.

"[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."  *Stone v. Powell*, 428 U.S. 465, 494 (1976).  In addition, "a plea of guilty in a state court is not subject to collateral attack in a federal court on the ground that it was motivated by a coerced confession unless the defendant was incompetently advised by his attorney."  *Nolan v. Armontrout*, 973 F.2d 615, 618 (8th Cir. 1992) (quoting *McMann v. Richardson*, 397 U.S. 759, 772 (1970)).  For these reasons the Court concludes that Petitioner cannot prevail on the merits of her second ground for relief.

**Merits:  Ground Three**

In her third ground for relief, Petitioner alleges that counsel was ineffective for failing to move for a change of venue.  Here the state appellate court affirmed the motion court's ruling that Petitioner failed to show prejudice and the motion court's finding that the claim that counsel was ineffective was refuted by the record.  Based on a review of the record, the Court cannot say that the state courts applied *Strickland* in an objectively unreasonable manner.  Nor has Petitioner demonstrated "a reasonable probability that, but for counsel's errors, [she] would not have pleaded guilty and would have insisted on going to trial."  *Hill v. Lockhart*, 474 U.S. at 59.

As described by the state appellate court, Petitioner claimed that competent counsel would have moved for a change of venue "because she worked for the local courts, was well-known in local government, potentially owed back-pay, and her case was well-publicized in the local media."   Resp. Ex. E, at 11.  The motion court found that Petitioner failed to set forth facts to support her belief that the community or her employer, a local government entity, was aware of the facts of her case and biased against her, and the Court cannot conclude that this determination was erroneous.   Press coverage and juror exposure to such coverage does not presumptively deprive the defendant of due process. *Skilling v. United States*, 130 S. Ct. 2896, 2914-15 (2010).  In addition, the Supreme Court has stated that "[p]rominence does not necessarily produce prejudice, and juror impartiality . . . does not require ignorance." *Id*.  Only "a trial atmosphere . . . utterly corrupted by press coverage" gives rise to a finding of prejudice. *Id.* at 2914.

The state courts' finding that Petitioner failed to demonstrate prejudice is consistent with, and not contrary to, federal law.  As the Eighth Circuit has held, a presumption of prejudice arises only in extreme situations where media attention and publicity gave rise to a "circus atmosphere."  *Snell v. Lockhart*, 14 F.3d 1289, 1293 (8th Cir. 1994) (internal quotations omitted).   Petitioner has made no such showing here.

Moreover, federal law is clear that media attention which, without more, does not require a change in venue.  *United States v. Petters*, 663 F.3d 375, 385 (8th Cir. 2011), *cert. denied*, 132 S. Ct. 2417 (2012) (finding no prejudice to defendant based on news coverage where news coverage had been negative).   There does not appear from the record to be any "circus atmosphere" during court proceedings.  *Snell 14* F.3d at 1293.  The plea also does not appear to have been obtained in a process "utterly corrupted" by the press.  *Skilling*, 130 S. Ct. at 2914.   For this reason, the Court also cannot find that counsel's performance was deficient for failing to raise the issue.

Nor has Petitioner shown that the result would have been different but for counsel's alleged deficient performance.  Petitioner did not plead or demonstrate she was prejudiced by her counsel's waiver of the issue, and thus her claims of ineffective assistance fail.  *See Matthews v. Purkett*, 383 Fed. App'x 583, 585 (8th Cir. 2010); *see also Witherspoon v. Purkett*, 210 F.3d 901, 903 (8th Cir. 2000) (in order to establish counsel was ineffective, habeas petitioner must demonstrate he suffered material prejudice as result of counsel's poor performance).   To the contrary, the record indicates that at her plea, Petitioner repeatedly expressed her satisfaction with plea counsel's

representation. As such, the motion court was justified in denying the claim of ineffective assistance of counsel without a hearing.

### Merits:  Ground Four

Petitioner's fourth ground asserting that her conviction was obtained pursuant to an unlawful arrest, search and seizure of evidence also is without merit.

Like Petitioner's Fifth Amendment claim, a claim that a conviction was based upon evidence obtained pursuant to an illegal search and seizure is not cognizable in a federal habeas proceeding where the petitioner had the opportunity to litigate the matter in a pre-trial suppression hearing. *See Palmer v. Clarke*, 408 F.3d 423, 437 (2005) ("A Fourth Amendment claim is not cognizable on federal habeas review unless the state fails to provide "an opportunity for full and fair litigation of [the] claim.") (quoting *Stone v. Powell*, 428 U.S. at 494).

Petitioner filed two motions to suppress at the state court level.  (Resp. Ex. B at 4-6, Ex. B at 7-9.)  Petitioner sought to suppress any and all evidence seized from her person or property, as well as any other items seized, test results concerning items seized, testimony or statements made about any of the foregoing, and testimony regarding any observations made of Petitioner while under arrest.  Resp. Ex. B at 4-6.  Second, Petitioner sought to suppress any images, data, hard drives, or information removed or copied from computers at her home or office, as well as any evidence obtained directly or indirectly from a search of her home or office.  *Id.* at 7-9.  After a hearing on the motions, the Circuit Court denied the motions to suppress.  (Resp. Ex A at 9, Resp. Ex. B at 14.) Therefore, the record establishes that Petitioner had an opportunity to full and fair

litigation of her claims, and her Fourth Amendment ground for relief is not cognizable here. *Palmer*, 408 F.3d at 437.

### Merits: Ground Five

Petitioner's fifth ground for relief, that post-conviction counsel was ineffective for failing to include in the amended post-conviction motion her claims that she was incompetent to plead guilty, also fails on the merits.[3]  As noted in *Martinez*, this ineffective assistance of counsel claim has not, by its nature, previously been presented for state court consideration. *Martinez*, 132 S. Ct. at 1316-17.  Assuming that the claim is sufficiently "substantial" to overcome the concerns set forth in *Martinez*, the Court cannot conclude that post-conviction counsel was ineffective under *Strickland*.  *Id.* at 1318-19.

First, there is no indication that post-conviction counsel's failure to include the argument that Plaintiff had been incompetent to plead guilty fell below an objective standard of reasonableness.  As noted above, the plea court found, based on Petitioner's own statements, that Petitioner was competent and that her plea was knowing and intelligent.  Having reviewed the record, the Court cannot say that this determination was erroneous or contrary to state law.  *McLaughlin v. State*, No. SC91255, 2012 WL 2861374, at *22 (Mo. banc Jul. 3, 2012) (holding that "mere failure to . . .  preserve an issue on appeal is not a cognizable ground for relief for ineffective assistance of counsel

---

[3]  Petitioner generally alleged that counsel was ineffective for failing to raise in the amended post-conviction motion all issues she had raised in the pro se post-conviction motion.  To the extent that other bases for relief were omitted in the amended motion the Court also finds them without merit.

on a post-conviction motion").  Nor can the Court say that but for counsel's error there is a reasonable probability that the outcome here would have been different.  *Strickland*, 466 U.S. at 694.  On the record before it, and on the basis of the reasoning set forth above with respect to Ground One, the Court cannot say that the plea court's finding regarding Petitioner's competency was erroneous or that the appellate court erroneously applied state law or federal constitutional standards in reaching its determination regarding the validity of Petitioner's guilty plea.  For these reasons, the Court concludes that Petitioner is not entitled to federal habeas relief under Ground Five.

## CONCLUSION

The Court concludes that Petitioner is not entitled to habeas corpus relief.  The Court does not believe that reasonable jurists might find the Court's assessment of the procedural or substantive issues in this case debatable or wrong, for purposes of issuing a Certificate of Appealability under 28 U.S.C. ' 2253(c)(2).  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (setting forth the standard for issuing a Certificate of Appealability); *Langley v. Norris*, 465 F.3d 861, 862-63 (8th Cir. 2006) (same).

Accordingly,

**IT IS HEREBY ORDERED** that the petition of Connie Raybourn for habeas corpus relief is **DENIED**.

A separate Judgment shall accompany this Memorandum and Order.


_Audrey G. Fleissig_
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 29th day of March, 2013.